## CITY OF SEDALIA v. CHALFANT.

(Circuit Court of Appeals, Eighth Circuit. February 3, 1925.)

No. 6655.

1. Time ☞4—"Year," in Missouri constitutional limitation on indebtedness, means calendar year.

In Const. Mo. art. 10, § 12, providing that no county, city, or any other political corporation or subdivision of the state shall become indebted without authorization by a vote "to an amount exceeding in any year the income and revenue provided for such year," the word "year" means calendar year, and not fiscal year.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Year.]

2. Municipal corporations ☞865(1)—"Income and revenue" includes revenue from license taxes.

Under Const. Mo. art. 10, § 12, requiring vote to authorize municipal indebtedness in excess of income and revenue, the "income and revenue" of a city includes its revenue from license taxes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

3. Courts ☞366(1)—Construction of state Constitution by its Supreme Court binding on federal courts.

The construction of provisions of the Constitution of a state by its Supreme Court is binding on the federal courts.

4. Appeal and error ☞269—Question not raised in trial court cannot be considered on writ of error.

A question as to excessive recovery, not raised by the pleadings nor by exceptions on the trial, cannot be raised for the first time by an assignment of error in the appellate court.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action at law by William Chalfant, Jr., against the City of Sedalia. From a part of the judgment, defendant brings error. Affirmed.

The plaintiff instituted this action to recover from the city of Sedalia, a municipal corporation, a city of the third class, created by and existing under the laws of the state of Missouri, the sum of $11,000 and interest, evidenced by 11 bonds of the city, for $1,000 each. Each of the bonds is declared on separately in 11 counts of the petition. The bonds sued on are all negotiable in form.

The first 9 counts are to recover on 9 bonds, issued under an ordinance enacted by its city council on September 4, 1893, and approved by its mayor on September 5,

1893, authorizing the issue of 10 public sewer tax bonds, of the denomination of $1,000 each, to bear interest at the rate of 7 per centum per annum, payable semiannually, to be dated October 1, 1893, and when executed to be registered by the auditor of the state of Missouri in accordance with the statutes of that state (R. St. 1889, § 847), and that all taxes collected by the city for the sewer fund tax for the year 1893 should be pledged as security for the payment of the bonds; that pursuant to the provisions of said ordinance the bonds were duly executed, dated October 1, 1893, and registered by the auditor of the state, and sold at par, and in due course purchased by the plaintiff; that the interest on said bonds was duly paid at the rate specified until March 30, 1906, and thereafter until April 1, 1911, payments on account of said interest were made at the interest paying periods of $20 on each bond, instead of $35, as provided in the bonds; and that the balance of the interest is still due. Judgment for $1,000 is prayed for each of the 9 bonds, and for the balance of the interest due and unpaid.

The tenth and eleventh counts alleged the enactment of an ordinance by the city council, approved by the mayor on April 19, 1893, providing for the issue of 13 bonds, of the face value of $1,000 each, to be dated May 6, 1893, to be registered by the auditor of the state, the bonds to bear 7 per centum interest, payable semiannually, to be sold at not less than par, and that sufficient taxes be levied and collected for current revenue for the year 1893 to be set aside as security for the payment of said bonds; that the bonds were duly issued and registered, in conformity with the provisions of the ordinance and sold at their face value; that the interest on them was duly paid when due, until March 30, 1906, and that thereafter, on the 6th days of May and November each year until November 1, 1911, payments were made on account of the interest due on said days of $20 on each bond, but the balance of said interest, together with the principal on said two bonds, is due to the defendant, who is the owner of them by purchase in due course.

The defendant in its answer denies that either of the bonds of the two issues are valid obligations of the city, by reason of the fact that, at the time the ordinances authorizing their issue were enacted, they created an indebtedness which, together with other indebtedness incurred during the same year, was in excess of the revenue of the city provided for the fiscal year, beginning July 1, 1893, and ending June 30, 1894, and was in excess of 5 per centum of the value of the taxable property of said city, ascertained by the assessments made before the last assessment for state and county purposes previous to the incurring of the indebtedness evidenced by the bonds sued on, and therefore void as having been issued in violation of section 12 of article 10 of the Constitution of the state of Missouri, and also void under section 11 of article 10 of the Constitution of the state, having been issued without a vote of the voters to levy a tax in excess of 60 cents on the $100 valuation.

The claim of invalidity of the bonds, as having been issued in violation of section 11 of article 10 of the Constitution, was abandoned by the city, relying only on section 12 of article 10 of the Constitution. That section reads:

"Sec. 12. *Municipal Indebtedness, limit of —How Increased—Exceptions as to St. Louis and Kansas City.*—No county, city, town, township, school district or other political corporation or subdivision of the state shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose; nor in cases requiring such assent shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the assessment next before the last assessment for state and county purposes, previous to the incurring of such indebtedness."

A trial by jury was waived by stipulation in writing, and the cause submitted on an agreed statement of facts. The court found that the 9 bonds declared on in the first 9 counts of the petition were invalid, and rendered judgment thereon for the defendant, and that the two bonds declared on in the tenth and eleventh counts were valid, and rendered judgment therefor for the plaintiff with the interest demanded. The city alone prosecutes this writ of error, so we are only concerned with the validity of the two bonds issued under the ordinance of the city approved April 19, 1893, authorizing the $13,000 bond issue.

A. L. Shortridge, of Sedalia, Mo., for plaintiff in error.

Lee Montgomery, of Sedalia, Mo. (Montgomery & Rucker, of Sedalia, Mo., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

TRIEBER, District Judge (after stating the facts as above). The stipulations, so far as they relate to the $13,000 bond issue, read:

"It is further stipulated, agreed, and admitted by the parties that, if the indebtedness incurred and the income and revenue provided for the various years should be computed upon the basis of a fiscal year beginning on July 1st and ending on June 30th, and if the court should hold that the bonded indebtedness of defendant city was incurred within the meaning of section 12 of article 10 of the Missouri Constitution on the day of the passage or approval of the ordinance authorizing the issue of such bonds, then said city had become indebted, including the $13,000 bond issue, on May 2 and 3, 1893, in the said fiscal year, in excess of the income and revenue provided for such year. * * *

"It is further admitted that, if the indebtedness incurred and the income and revenue provided for the various years should be computed on the basis of a calendar year, and if such bonded indebtedness was incurred within the meaning of section 12 of article 10 of the Constitution of Missouri on the day of the passage or approval of the ordinance authorizing the issue of the $13,000 bonds, then on May 2 and 3, 1893, the said city had not become indebted, including the said $13,000 bond issue, in the calendar year, in excess of the income and revenue provided for such calendar year, provided all of the license taxes collected in the entire calendar year of 1893 should be counted in computing the income and revenue provided for such calendar year.

"It is admitted that, if the indebtedness incurred and the revenue and income provided for the various years should be computed upon the basis of a calendar year, and if such bonded indebtedness was incurred within the meaning of section 12 of article 10 of the Missouri Constitution on the day of the passage or approval of the ordinance authorizing the issue of said $13,000 bond issue, and if, in computing the income and revenue provided for such calendar year, no license taxes collected by such city after May 3, 1893, should be taken into consideration, then on May 2 and 3, 1893, the said city had become indebted, including the said $13,000 bond issue, in the calendar year, in excess

of the income and revenue provided for such year."

This raises two questions to be decided:

First. Should the indebtedness, income, and revenue of the city be computed upon the fiscal year, beginning July 1st and ending June 30th of the succeeding year, or upon the calendar year?

Second. If the indebtedness and the income and revenue should be computed upon the calendar year of 1893, shall licenses, to be collected during that calendar year under ordinances then in force, be included in computing the "income and revenue" of the city for that calendar year?

The learned trial judge held that the word "year," in section 12 of article 10 of the Constitution of the state, means "calendar year," and the words "income and revenue" included as sources of income and revenue funds collected from licenses under ordinances of the city in force at the time and collectible during that calendar year.

## I.

[1] We concur in the conclusion reached by the learned trial judge that the word "year," in section 12 of article 10 of the Constitution of the state of Missouri, means "calendar year." The Supreme Court of that state, in Trask v. Livingston County, 210 Mo. 582, 109 S. W. 656, 37 L. R. A. (N. S.) 1045, so construed it. In that case an appropriation for the construction of a bridge had been made by the county court in September, 1889, but the warrants to pay for it were drawn in May, 1890; therefore, if counsel's contention is correct, the appropriation was made and the warrants drawn in the same fiscal year of 1889. But the court held that, as the appropriation was made in September, 1889, the validity of the warrants must be determined by the income and revenue of the county for the calendar year 1889, and, as the income and revenue for that year were sufficient to pay the appropriation, the warrants were valid, although the warrants in controversy and others drawn in the fiscal year of 1889 exceeded the revenue and income of the county for that fiscal year. This construction of the Constitution by the highest court of the state is conclusive in the national courts, and it is therefore unnecessary for us to express an independent opinion on the question.

## II.

[2] Whether collections from license taxes by a county or city are income and revenue within the meaning of this section of the

Constitution has also been decided by the Supreme Court of that state. Lamar Water Co. v. City of Lamar, 128 Mo. 188, 223, 26 S. W. 1025, 31 S. W. 756, 32 L. R. A. 157, reaffirmed in Water Co. v. Carterville, 142 Mo. 101, 116, 43 S. W. 625. Counsel for the city rely on Rice v. Milwaukee, 100 Wis. 516, 76 N. W. 341, and Overall v. City of Madisonville, 125 Ky. 684, 102 S. W. 278, 12 L. R. A. (N. S.) 433. The Wisconsin case has no application to the instant case. The provision of the Constitution of that state (Const. art. 11, § 3), construed in Rice v. Milwaukee, supra, prohibits the creation of debts by a city in excess of 5 per cent. of the "taxable value of the property therein, to be ascertained by the last assessment for state and county taxes, previous to the incurring of such indebtedness." This provision is similar to that in section 12 of article 10, of a city or county desires to increase the indebtedness in excess of the income and revenue for the year, and therefore is not involved in this action.

[3] The Kentucky case apparently sustains the contention of counsel for the city, but this court is bound by the decision of the Supreme Court of Missouri, which held otherwise.

[4] Another question, neither pleaded nor excepted to at the trial, is that there was an excess of interest allowed. It is for the first time raised in this court. This is not permissible. Besides, in view of the fact that by the judgment of the court, the defendant escaped payment of $9,000 and interest, on its bonds, the money for which it had received and used for its benefit, we do not feel inclined to notice alleged errors, assuming that it was error, which we do not decide, neither raised, objected to, nor excepted in the court below, and raised for the first time in this court.

The judgment is affirmed.